**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNBEATABLESALE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> LJM SUPPLIES CORP. d/b/a LJM GROUP, INC., <br><br> Defendant. | Civil Action No. 25-5389 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant LJM Supplies Corp.'s ("Defendant") Motion to Dismiss Plaintiff Unbeatablesale.com, Inc.'s ("Plaintiff") Complaint. (ECF No. 12.) After careful consideration of the parties' submissions, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's motion is granted.

**I.    BACKGROUND**[1]

Plaintiff is a direct-to-consumer retailer who contracted with Defendant in 2018 to reduce certain shipping and billing expenses. (Compl. ¶¶ 1-2, 6, 7, 12, ECF No. 1.) The parties entered into two agreements that year: (1) a "Client Service Agreement," pursuant to which Defendant was to provide Plaintiff with "freight auditing services" in exchange for 40% of any savings realized; and (2) a "Consulting Agreement," pursuant to which Defendant was to help lower Plaintiff's

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

shipping costs by negotiating more favorable contracts with UPS, FedEx, and other carriers. (*Id.* ¶¶ 7-9, 12-13, 30.)

On November 6, 2018, Plaintiff sent e-mail correspondence to Defendant, providing "official notice of 30 days to terminate our agreement." (*Id.* ¶ 16.) While Plaintiff's correspondence did not specify what agreement it was purportedly terminating, Plaintiff alleges this notice terminated only the Consulting Agreement, and not the Client Service Agreement.[2] (*Id.* ¶¶ 16, 37; Compl. Ex. 2, ECF No. 1-2.) In December 2018, Defendant ceased providing Plaintiff with freight auditing services. (*Id.* ¶ 19.)

On March 12, 2019, Defendant commenced an action against Plaintiff in New York state court alleging breach of contract (the "New York Action"). *See UnbeatableSale.com v. LJM Supplies*, Index No. 603427/2019 (Sup. Ct. Nassau Cnty.).[3] In that action, Defendant alleges Plaintiff breached the Consulting Agreement by purportedly terminating the contract via e-mail correspondence, and by failing to pay Defendant 40% of its realized cost savings. (*See generally* N.Y. Action, ECF No. 2.) The parties have litigated the New York Action for over six years, and that case remains pending. (*See id.*; ECF No. 27 at 1.)

On May 23, 2025, Plaintiff filed the instant action, alleging that Defendant breached the Client Service Agreement in December 2018 when it ceased providing its freight auditing

---

[2] Defendant disputes Plaintiff's characterization of the November 2018 notice and contends that it reasonably understood the notice as purporting to terminate the Client Service Agreement. (Def.'s Moving Br. 3-4, ECF No. 12-1.)

[3] Docket entries from the related matter, *UnbeatableSale.com v. LJM Supplies*, Index No. 603427/2019 (Sup. Ct. Nassau Cnty.), are designated as "N.Y. Action, ECF No."

services.[4] (*See generally* Compl.) Defendant now moves to dismiss the Complaint as time-barred and for failure to state a claim under Rule 12(b)(6). (*See generally id.*)

## II.   LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the

---

[4] Plaintiff concedes that its breach of contract claim could have been brought as a permissive counterclaim in the New York Action. (*See* ECF No. 26 at 2, 5.) The Court, accordingly, issued an Order to Show Cause as to why this action should not be dismissed or stayed pursuant to the abstention principles articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). (ECF No. 22.) Upon consideration of the parties' briefing, and the strong presumption in favor of exercising federal jurisdiction, the Court finds that abstention is not warranted and therefore exercises its jurisdiction over this action.

defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.  DISCUSSION

Defendant contends that Plaintiff's breach of contract claim is untimely, and that Plaintiff otherwise fails to state a claim upon which relief can be granted. (*See generally* Def.'s Moving Br.) Because the statute of limitations presents a threshold issue, the Court addresses it first.[5]

Under New Jersey law, the statute of limitations for a breach of contract claim is six years from the date the cause of action accrues. N.J. Stat. Ann. § 2A:14-1. As a general rule, a breach of contract claim accrues on "'the date on which the right to institute and maintain a suit' first arose." *County of Morris v. Fauver*, 707 A.2d 958, 971 (N.J. 1998) (quoting *Rosenau v. City of New Brunswick*, 238 A.2d 169, 172 (N.J. 1968)).

Plaintiff concedes that it did not bring this action until more than six years had elapsed after Defendant's breach of the Client Service Agreement. (Pl.s' Opp'n Br. 9-11, ECF No. 20; *see also* Compl. ¶ 19 (alleging Defendant breached the Client Service Agreement in December 2018); *see generally id.* (indicating this action was filed on May 23, 2025).) Plaintiff, however, argues that its claim falls under the "continuing breach" exception, under which claims can be brought outside the statutory period if successive breaches occurred within a "continuing" contract. (Pl.'s Opp'n Br. 9-11); *see Fauver*, 707 A.2d at 971-72 (explaining that a new cause of action arises upon each

---

[5] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938). Because the parties do not dispute the application of New Jersey law to the instant matter, the Court need not engage in a choice of law analysis at this stage and will apply New Jersey law to Plaintiff's breach of contract claim. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316-17 (3d Cir. 2014).

successive breach for such continuing contracts). Plaintiff argues that Defendant has "continuously breached a nonpayment obligation," and therefore Plaintiff's claim is timely. (Pl.'s Opp'n Br. 10-11.) The Court disagrees.

New Jersey courts apply the continuing breach doctrine narrowly, most often in the context of installment contracts or contracts that expressly require periodic performance. *See Nat'l Util. Serv., Inc. v. Cambridge-Lee Indus., Inc.*, 199 F. App'x 139, 142 (3d Cir. 2006) (citation omitted) ("The standard is typically applied in installment contracts, so that 'a new cause of action arises from the date each payment is missed.'").

Here, Plaintiff states in a conclusory fashion that Defendant's conduct constitutes a "continuing breach of contract." (Compl. ¶ 21; *see also id.* ¶ 22.) The Complaint, however, does not plead facts from which the Court can plausibly infer that the Client Service Agreement was an installment contract, or otherwise required periodic performance giving rise to "a series of continuing breaches" over time. *See Ballantyne House Assocs. v. City of Newark*, 635 A.2d 551, 555 (App. Div. 1993); *see also* 9 Arthur L. Corbin, Corbin on Contracts § 956 (rev. ed. 2002) ("[C]ontracts . . . that have been said to require continuing (or continuous) performance for some specified period of time . . . are capable of a series of 'partial' breaches."). Plaintiff, for example, does not allege that Defendant's freight auditing services required periodic performance, nor do the terms of the Client Service Agreement delineate such obligations.[6] (*See* Client Service Agreement, ECF No. 4 (providing generally that Defendant "will provide freight audit services to

---

[6] Although Plaintiff argues in opposition that the Client Service Agreement provided for a "monthly auditing service," (Pl.'s Opp'n Br. 11), the Complaint contains no such allegation (*see generally* Compl.). It is well settled that a plaintiff may not amend its Complaint through arguments raised in opposition to a motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007). Moreover, the Court notes that Plaintiff's assertion that the auditing service was "monthly" is inconsistent with its allegations that Defendant breached the Client Service Agreement on a "daily" and "weekly" basis. (Pl.'s Opp'n Br. 11; *see also* Compl. ¶ 22.)

[Plaintiff]" without specifying periodic obligations));[7] *see Nat'l Util. Serv., Inc.*, 199 F. App'x at 143 (applying the continuing breach doctrine where the contract obligated defendant to perform "every month during the contract term"). Rather, Plaintiff alleges that Defendant agreed to "provide freight audit services," and that Defendant ceased providing those services altogether in December 2018. (Compl. ¶ 19.) Such allegations describe a single alleged breach, not a series of successive breaches which would make the continuing breach doctrine applicable. *See Diakos v. Rudnick*, No. A-2468-15T2, 2017 WL 6398928, at *4 (N.J. Super. Ct. App. Div. Dec. 15, 2017) (rejecting plaintiff's argument that the agreement was a continuing contract where the agreement "[did] not call for a monthly or annual payment of profits or any other set periodic payment structure"). Accepting Plaintiff's argument would effectively transform any contract containing a performance obligation into a continuing contract, a result unsupported by New Jersey law.

The Court, accordingly, finds that the continuing breach doctrine does not apply to Plaintiff's breach of contract claim as currently alleged. Plaintiff was obligated to file this lawsuit within six years of the breach of contract, and Plaintiff failed to do so. Plaintiff's claim is therefore dismissed as time-barred.

---

[7] The Complaint relies on and attaches as exhibits the Client Service Agreement and the Consulting Agreement. (ECF Nos. 4, 5.) Because the contracts are "integral to or explicitly relied upon in the [C]omplaint," and their authenticity is not disputed, the Court considers them in resolving the instant motion to dismiss. *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss. To the extent that Plaintiff can set forth claims which are not time barred, and can cure the deficiencies outlined herein, the Court will give Plaintiff an opportunity to file an amended complaint. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: January 29, 2026